174 So. 233

**DOBY et al. v. STATE TAX COMMISSION.**

3 Div. 205.

Supreme Court of Alabama.

May 6, 1937.

Mooneyham & Mooneyham, of Montgomery, for appellants.

A. A. Carmichael, Atty. Gen., H. L. Anderton, of Birmingham, E. C. Boswell, of Geneva, and L. H. Ellis, of Columbiana, for appellee.

BOULDIN, Justice.

Appellants filed a bill against the State Tax Commission of Alabama under the Declaratory Judgment Act (Gen.Acts 1935, p. 777) to have an adjudication upon controverted questions arising upon the construction of the Sales Tax Act, referred to in the bill as the "Alabama Luxury Tax Act," being House Bill No. 179, approved February 23, 1937 (Acts 1936–1937 (Ex. Sess.) p. 125.

The State Tax Commission answered admitting jurisdictional facts, and joined in the prayer for an adjudication on the points raised. The cause was submitted on bill and answer and stipulation of counsel admitting the averments of the bill, etc. From the final decree, this appeal is prosecuted.

Appellants operate a "General Automobile Repair Shop," "engage in the general upkeep and repair of automotive vehicles, such as lubrication and repairs of all kinds, including addition of new and old parts and replacement of same; repainting automobiles and parts." In such business "they purchase paints, solder, automobile parts and accessories and use them in replacement of old or broken parts." They do this in connection with the service they render their customers, and insist this is all part of the service they render. It is agreed, however, that "when a second hand automotive vehicle is repaired for a customer, the charges are made against the customer on account of parts used for replacement and accessories, and the labor service is likewise charged separately to the customer"; that this is a business custom of complainants and those engaged in similar businesses.

Another line of business of complainants is the purchase of "old cars to be repaired and reconditioned for sale by them." In this business they replace old or broken parts, accessories, tires, batteries, etc., with new ones, and use paints, solder, and other materials and supplies. They purchase and carry in stock many items for use in their business.

The bill prays for a declaratory judgment and decree adjudicating:

"1. Whether or not automobile parts, automobile accessories, tires, batteries, etc., used by them in repairing secondhand automotive vehicles for their customers are subject to, or liable for said 2% Luxury Tax imposed by said act.

"2. Whether or not orators are liable for the 2% tax levied by said act as respects materials and supplies purchased by them and which are consumed by them in and about the repairing of secondhand automotive vehicles for their customers.

"3. Whether or not automobile parts, automobile accessories, tires, batteries, etc., used by orators in repairing or reconditioning secondhand automotive vehicles purchased by them and reconditioned for resale are subject to said tax.

"4. Whether or not said act of the Legislature, approved February 23, 1937, and known as the Alabama Luxury Tax Act, requires your orators, or others similarly situated, to pay the tax levied under said act on parts, or supplies, or materials used in repairing automotive vehicles, or requires your orators to collect the tax from its customers, or consumers."

The views of the State Tax Commission, as disclosed in the answer, are that the decree should declare:

"1. Automobile parts, automobile accessories, batteries, tires, etc., used by complainants in repairing secondhand automotive vehicles for their customers, are subject to, and liable for, said 2% luxury tax imposed by said Act.

"2. That complainants are liable for the 2% tax levied by said Act as respects materials and supplies purchased by them and which are consumed by them in and about the repairing of secondhand automobiles for their customers, as well as such materials and supplies consumed by them in and about the repairing and re-conditioning of secondhand automotive vehicles purchased by them for resale.

"3. That automobile parts, automobile accessories, tires, batteries, etc., used by complainants in repairing or reconditioning for resale of secondhand automobiles purchased by them are subject to said tax.

"4. Whether or not said act of the Legislature, approved February 23, 1937, and known as the Alabama Luxury Tax Act, requires complainants, or others similarly situated, to pay the tax levied under said Act on parts, supplies, or materials used in repairing automotive vehicles, or requires complainants to collect the tax from its customers, or consumers."

On the hearing the trial court decreed and declared:

"(1) That automobile parts, automobile accessories, tires and batteries, used by automotive repair shops in repairing secondhand automotive vehicles for customers are

subject to the 2% tax known as the Alabama Sales Tax of 1937.

"(2) That materials and supplies purchased by automotive repair shops, such as paint, solder, and so forth, and which are consumed by such shops in and about repairing second-hand automotive vehicles for their customers are subject to the tax when purchased by such automotive repair shops, said shops being the consumers of such materials;

"(3) That automobile parts, accessories, batteries, and so forth, as well as paint and solder, and other materials, used by automotive repair shops in reconditioning their own secondhand cars for re-sale are subject to the tax when purchased by said repair shops, such repair shops, in this event, being the consumers of said automobile parts, accessories and batteries."

By section 2 of the act there is levied:

"(a) Upon every person, firm or corporation engaged or continuing within this State in business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character, (not including, however, bonds or other evidences of debt or stocks) an amount equal to two per cent of 'the gross proceeds of sales of the business, except where a different amount is expressly provided herein."

It is expressly declared a privilege or license tax against the person on account of such business activity, and measured by a per centum of gross sales, or gross receipts, as defined in the act.

The retailer is the "taxpayer," the person liable to the state for the tax. He is the person required to take out the license under section 3, the person required to make returns and pay the tax to the State Tax Commission under sections 5 and 6; the person required to keep records under section 8; the person on whose personal property a lien is declared as security for the tax under section 9.

■ In considering the coverage of such statutes, as other tax laws, the rule of strict construction prevails. No strained construction is to be indulged against the taxpayer because of a purpose to raise needed revenue.

■ On the other hand, persons exercising the privilege of doing business within the spirit of the statute are not to be held exempt save as defined in the statute. Exemptions are strictly construed.

■ In dealing with a business, like that here involved, operating an automobile repair shop, in which tangible articles of personal property are disposed of in connection with services rendered, the act should be so construed that such portion of the business as reasonably represents sales of tangible articles to the customer be subject to the tax to the end that all persons engaged in the business upon which the tax is levied bear their just share of the burden and contribute to the revenue to be raised. The case of Western Leather & Finding Co. v. State Tax Commission, 87 Utah, 227, 48 P. (2d) 526, cited by counsel for the State Tax Commission, contains a well-reasoned discussion of the principles involved and their application to cases of this class.

■ Under the agreed facts, automobile repair shops are liable for the tax upon the proceeds of sales of automobile parts, accessories, tires, batteries, used by them in repairing and refitting automotive vehicles for their customers.

The fact that by the custom of business at the time of the passage of this act such parts and accessories were charged to the customer at stated prices separate from the charge for services is persuasive of an intent to sell such parts at retail. Whether books were so kept or not, if in fact such parts and equipment, passed substantially intact to the customer, the reasonable sale price therefore would not be exempt because such parts or accessories were installed in place in the repaired car for the use of the customer. The authority of the State Tax Commission to make regulations touching the keeping of proper records well covers regulations requiring records in this class of business to be kept so as to show the gross receipts from this portion of such business.

■ On the other hand, the proprietor, the automobile repair shop, is not liable for this tax upon the price or value of material and supplies, such as paints, lubricants, or minor supplies consumed in the rendition of service to the customer. Furnished as an incident to the service, this may be justly treated as part of the service. Any effort to keep an exact record of the quantities consumed and reasonable prices therefor would entail a labor and expense out of keeping with the spirit of the act.

■ Dealing with the other line of appellants' business, viz., the purchase, recondi-

tioning, and sale of secondhand cars, another feature of the statute must be considered. Under section 4 of the act, "There are exempted from the provisions of this Act * * * (f) Amounts received from the sale of used automotive vehicles, which vehicles are commonly known to the trade as secondhand automotive vehicles."

The business thus exempted manifestly includes the sale of reconditioned cars. There is no sale of parts, accessories, equipment, material, or supplies in the use of these things by the owner in reconditioning his own cars. The sale is of the reconditioned car intact. This statute exempts the proceeds of such sale as a whole. To segregate the parts added in reconditioning the car, and fix a separate valuation of the proceeds of such parts for tax purposes, is to defeat the plain import of the exemption clause above quoted.

■ In view of the language in which the issues were framed in the pleadings, and the language of the decree of the trial court, we deem it pertinent to say the liability for a sales tax payable by the sellers of parts, accessories, and equipment to the automobile repair shop for use in reconditioning its cars, or materials and supplies consumed, is not a justiciable issue before us. Such dealers are not represented in this suit, nor are the facts disclosed as to such business.

What the automobile repair shop is required to pay such dealers as the added price under section 24 of the act is determined by the tax which such sellers have paid, or are due to pay to the state. For like reasons, this question is not before us.

■ We are of opinion, however, that appellant is entitled to a declaration touching its legal rights and obligations under section 24 of the act as sought under paragraph (4) of the issues raised by the bill. This would seem of some concern also to the State Tax Commission as a noncompliance may easily tend to evasion of the tax.

■ Section 24 enacts:

"It shall be unlawful for any person, firm, corporation, association or copartnership engaged in or continuing within this State in the business for which a license or privilege tax is required by this Act to fail or refuse to add to the sales price and collect from the purchaser the amount due by the taxpayer on account of said tax provided herein", * * * or to "refund or offer to refund all or any part of the amount collected, or absorb or advertise directly or indirectly the absorption or refund of said tax or any portion of the same."

Violation of this section is made a misdemeanor. Section 25. This section, quite clearly, does not conflict with nor modify other portions of the act defining who is the taxpayer. The taxpayer, the seller, is charged with the mandatory duty to add the amount of the tax to his sales price, and to collect it from the purchaser along with the sales price. He has all the authority to collect this added sum which he has to collect, his sales price. The law intervenes and adds the amount of the sales tax which the seller must pay to the state to the price he must collect from the purchaser. It is collected to reimburse the seller for what he must pay the state. The ultimate burden of the tax is thus passed on to the customer. Such provision makes mandatory the trade practices, which usually obtain, directly or indirectly, as to many forms of taxation. Few businesses perhaps could endure if the numerous tax burdens now imposed were not figured as part of the overhead or fixed charges in fixing prices.

The mandatory provision in this section is for the benefit of the seller, but more particularly for the protection of all retailers charged with the payment of this tax. The lawmakers deemed it unfair competition for the strong to absorb the tax and build up his trade at the expense of the weaker dealer who could not absorb it. So, the legal duty of the retailer, the taxpayer, is to pay the tax and also to collect a like amount from the purchaser. It is not a question of whether he should pay the tax, or, in the alternative, collect the tax for the state.

The decree of the court below conformed in much to the views here expressed, but we deem it fitting that the decree be hereby modified, recast, and somewhat extended. Accordingly, it is ordered, adjudged, and decreed:

(1) That appellants, operators of an automobile repair shop, are liable for the 2 per cent. sales tax on gross proceeds of sales of automobile parts, automotive accessories, tires, and batteries supplied and used in repairing automobiles for customers.

(2) They are not liable for such tax on material and supplies, such as paint, solder, and other items, which are consumed by such shops in and about repairing automotive vehicles, or reasonably considered incident to the service rendered the customer.

(3) They are not liable for such sales tax on the gross proceeds of sales of automobile parts, accessories, or equipment, or for materials and supplies used in reconditioning their own automobiles for sale. The proceeds from such sales, as a whole, are exempted from taxation under the act.

(4) Under section 24, it is the mandatory duty of the seller, the taxpayer, to pay the tax lawfully due under the act, and a like mandatory duty to add the amount thereof to the sales price and to collect same from the customer, subject to provisions of section 5 touching credit sales.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.