180 So. 99

**JORDAN UNDERTAKING CO. v. STATE.**

**6 Div. 277.**

Supreme Court of Alabama.

March 24, 1938.

Wilkinson & Wilkinson, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., Matt H. Murphy, Sp. Asst. Atty. Gen., and Dan P. Barber, of Birmingham, for the State.

BROWN, Justice.

The sole question presented by this appeal is whether or not the defendant,

appellant here, engaged in the business of an undertaker, as set forth in the stipulation of facts, incorporated in the bill of exceptions, and which appears in the reporter's statement of the case, is "a dealer in coffins or caskets" or is exercising a privilege, within the meaning of the general revenue law, approved July 10, 1935, Acts 1935, pp. 256–574, and the general revenue law of 1919, approved September 15, 1919, Acts 1919, pp. 282–450, for which a license is required.

The provisions of the two acts are identical, except that Schedule 38 of 1935 Act embodies the following provision, to wit, "and each agent or person taking or soliciting orders for retail delivery," not in the Act of 1919, pages 395, 408, § 361, Schedule 38, last mentioned and which continued in force up to the passage of the first mentioned.

The pertinent provisions are found in article 13, chapter 1, section 348, schedule 38, of the Act of 1935, pp. 441, 442, and 454, as follows:

"Section 348. Every person, firm, company, corporation or association, receiver or trustee, but not a governmental subdivision, engaged in any business, vocation, occupation, calling or profession herein enumerated, or who shall exercise any privilege hereinafter described for which a license or privilege tax is required, shall first procure a State license, and a County license when so required, and shall pay for the same, or shall pay for the exercise of such privilege the amounts hereinafter provided and comply with all other provisions of this Act. * * *

"Schedule 38. Each dealer in coffins or caskets, and each agent or person taking or soliciting orders for retail deliveries of coffins or caskets * * * in cities of over thirty-five thousand inhabitants, one hundred dollars ($100.00)."

It is conceded by appellant that it "has not paid the license under these acts, and if liable, would be liable for the license for five years, to wit, years 1936, 1935, 1934, 1933, 1932."

■■ The appellant's contention is that said Schedules have no application to the appellant engaging in the business of an undertaker and buying and selling coffins or caskets as an incident to that business.

It will be noted that said acts levy the tax, not only on persons "engaged in any business, vocation, occupation, calling or profession," but on persons *"who shall exercise any privilege hereinafter described* for which a license or privilege tax is required." (Italics supplied.)

The stipulation of facts shows that appellant buys and sells to its customers coffins or caskets at a profit, and that the "price and cost of a casket is the largest item in the funeral set-up."

Recognizing the rule of strict construction, we are of opinion that the appellant, in the circumstances, is a retailer of coffins or caskets, that he buys and sells for a profit, and hence is a dealer, a privilege for which a license is required by said acts. Doby et al. v. State Tax Commission, 234 Ala. 150, 174 So. 233; 17 C.J. 1154, "Dealer"; Bates & Hines v. Bank of State of Alabama, 2 Ala. 451, 466.

Doby's Case, above cited, is strictly analogous. The automobile mechanic bought and sold automobile parts to his customers, and although he installed them, it was held that he bought and sold at retail, and was responsible for the tax.

In Bates & Hines v. Bank of State of Alabama, it was observed: "The phrase to 'deal in,' evidently means to buy and sell for the purpose of gain." 2 Ala. 451, 466.

The provision of the revenue law considered in Carter's Case, infra, was very general in its scope providing, "that it shall be unlawful for any person, firm, company or corporation to *engage in, or carry on, any business* or profession hereinafter mentioned, without first having paid for and taken out a license." A license was required of "dealers in tobacco" and the stipulation of facts was "that the appellant was a general dry-goods merchant, and only had tobacco, in small quantities, and by way of variety, in his dry-goods business, sold it by the plug." (Italics supplied.)

The holding was that whether or not he was a "dealer in tobacco" was one of fact, not law, and, "If he was selling or trading in tobacco in bad faith, under cover of his other business, for the purpose of defrauding the revenue, then he should be convicted; otherwise, not." Carter v. State, 44 Ala. 29, 30, 31.

As pointed out in the first part of this opinion, the license was required, not only for "engaging in any business, vocation, occupation, calling or profession," but for exercising "any privilege hereinafter

described for which a license or privilege tax is required."

The record and proceedings of the circuit court appear to be free from error.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.