(No. 25367.— )

THE C. & E. MARSHALL COMPANY et al. Appellees, vs. KNOWLTON L. AMES, JR., et al. Appellants.

*Opinion filed February 21, 1940—Rehearing denied April 3, 1940.*

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S. WINNING, and MORTIMER PORGES, of counsel,) for appellants.

GOLDMAN, ALLSHOUSE & HEALY, and MOSES, KENNEDY, STEIN & BACHRACH, (HAMILTON MOSES, and ROBERT G. DREFFEIN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The Director of Finance appeals from a decree of the circuit court of Cook county which restrains him from applying the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, secs. 440 et seq.) to the occupations of appellees. These appellees are in the business of selling jeweler's supplies to persons and firms engaged in the business of assembling and repairing watches and clocks.

The only controverted question is whether or not in selling watch and clock parts to repairmen the appellees are making sales for use and consumption. The answer to this question depends on whether these articles are resold by the repairmen who purchased them.

The evidence shows that these repair parts, such as crystals, clock-glasses, springs, pinions, etc., are in some instances subject to minor alterations to make a perfect fit. However, it is clear they are not materially changed and go into the customer's watch or clock in substantially the same form as when they are purchased. It also appears that the parts are sometimes billed separate from the labor or service incident to their replacement, and, further, that repair parts are frequently resold by dealers engaged in that business from second-hand or third-hand watches and clocks which are dismantled for such resale.

The appellees contend, and the trial court held, that rule No. 22 of the Department of Finance, which is intended to apply to them, is in conflict with the provisions of the Retailers' Occupation Tax act. The circuit court held that these sales by the appellees do not constitute sales at retail as defined by that act, because they are not sales for use or consumption within the meaning thereof.

We have recently held that sales of supplies by optical wholesale houses to optometrists and oculists are not taxable, and have made the same ruling as to wholesale sales of leather to shoemakers. *American Optical Co.* v. *Nudelman,* 370 Ill. 627; *Revzan* v. *Nudelman,* id. 180.

In *Bradley Supply Co.* v. *Ames,* 359 Ill. 162, where we held that parties who sell plumbing supplies to contractors are not subject to tax we said: "The business of selling plumbing and heating supplies to contractors who intend to install them in a building or attach them to realty is not the occupation intended to be taxed by the legislature. These are not transfers to purchasers for use and consumption. The terms 'use' and 'consumption' have an ordinary or popular meaning. 'Use' means a long-continued possession and employment of a thing to the purposes for which it is adapted, as distinguished from a possession and employment that is merely temporary or occasional. Webster's Dictionary defines the word 'use' as an act of em-

ploying or state of being employed; to convert to one's service; to employ.' * * * It is true in one sense of the word that the contractor does use the supplies in fulfilling his contract, but in the same sense a merchant who sells an article over the counter to a customer would be a user. The user or consumer contemplated by the statute is the ultimate user or consumer who will use the heating and plumbing in his house as long as it lasts or until he desires to do away with it."

Applying the same reasoning here, the repairman buys the necessary parts from his dealer, uses his skill in putting them into the watch or clock and in his charge to the customer he includes the cost of the part or parts used. The user or consumer of these articles, as contemplated by the statute, is the ultimate user who will use the watch or clock as long as it will run or until it is disposed of.

Our decision in the *Bradley case, supra,* is controlling in this one, and the decree of the circuit court is affirmed.

*Decree affirmed.*