450

# IN THE MATTER OF THE TAX APPEAL OF ALEXANDER & BALDWIN, INC., TAXPAYER

No. 5118

May 10, 1972

RICHARDSON, C.J., MARUMOTO, ABE AND
LEVINSON, JJ., AND CIRCUIT JUDGE HAWKINS
IN PLACE OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY LEVINSON, J.

During the tax years 1963 through 1967, the business

activities of A & B Commercial Company, a division of Alexander & Baldwin, Inc. and the taxpayer herein, included 1) the sale of radio, television and refrigeration appliance parts to licensed repairmen, 2) the sale of imported appliance parts directly to consumers in conjunction with repair work performed by the taxpayer, and 3) the sale of paint to licensed taxpayers in the automobile painting business. The taxpayer originally reported receipts from sales of parts to its customers in the appliance repair and automobile painting businesses as sales to licensed sellers for purposes of resale and therefore subject to the general excise tax, HRS ch. 237 (then RLH 1955, ch. 117, as amended), at the wholesale rate of ½%.[1] The taxpayer also reported its imported appliance parts as imports for resale and therefore subject to taxation under HRS ch. 238 (then RLH 1955, ch. 119, as amended), at the rate of ½%.[2]

In August, 1968, the taxpayer was assessed additional general excise tax on the theory that the aforementioned sales to licensed repairmen and automobile painters constituted "retailing," rather than "sales at wholesale," within the meaning of HRS ch. 237.[3] The taxpayer was further assessed additional consumption/use tax under HRS ch. 238 on the ground that the transfer of imported appliance parts to consumers in connection with the taxpayer's rendition of repair services constituted "imports for consumption."

On August 22, 1968, Alexander & Baldwin, Inc. paid the additional assessments under protest. The matter was submitted to the tax appeal court on an agreed statement of facts. The parties stipulated that the taxpayer's customers

---

[1]HRS § 237-4 defines "sales at wholesale" to include "(1) Sales to a licensed retail merchant, jobber, or *other licensed seller* for purposes of resale". [Emphasis added.]

[2]HRS § 238-2 subjects tangible personal property imported from an unlicensed seller by a wholesaler, who is also licensed under HRS ch. 237 as a retailer, to taxation at the wholesale rate. Imports for consumption by the purchaser are taxed at the retail rate, pursuant to HRS § 238-2(3).

[3]HRS § 237-16(a) defines "retailing" to include "(1) . . . the sale of tangible personal property for consumption or use by the purchaser, and not for resale . . . ."

in the appliance repair business customarily billed appliance owners separately for parts and service, and that in 10 out of 12 cases, sales made by the taxpayer's customers in the appliance repair business were carried on their books in separate accounts for parts and labor. Similarly, the taxpayer, in supplying appliance owners directly with parts, invoiced labor separately from materials and carried charges for parts and services separately on its books and records. It was further stipulated that no separate charges were made by the taxpayer's customers in the automobile painting business for paints and services, either in their invoices to customers or on their books.

The tax appeal court sustained the tax director's additional assessments with regard to the taxpayer's sales of paint to customers in the automobile painting business, but ordered a refund of all additional assessments relating to the importation and sale of radio, television, and refrigeration parts. The taxpayer and the director of taxation appeal from those portions of the judgment and order adverse to them respectively. We affirm the decision of the tax appeal court.

I. SALES BY THE TAXPAYER OF APPLIANCE PARTS TO LICENSED REPAIRMEN, WHO IN TURN BILLED THEIR CUSTOMERS SEPARATELY FOR LABOR AND MATERIALS, CONSTITUTED "SALES TO A . . . LICENSED SELLER FOR PURPOSES OF RESALE" WITHIN THE MEANING OF HRS § 237-4(1).

In order to hold that the taxpayer's sales of appliance parts to repairmen fall within the purview of HRS § 237-4(1), it must be determined that such repairmen are "other licensed seller[s]"[4] and that they engage in resale, rather than consumption or use, of the parts. The director of taxation argues that insofar as appliance repairmen fall within the definition of "service business or calling," HRS § 237-7, they may not also be classified as licensed sellers for purposes of categorizing a particular transaction. This argument is

---

[4]The taxpayer does not contend, and we do not hold, that radio, television, or refrigeration repairmen may properly be characterized as "licensed retail merchants" or "jobbers."

without merit. HRS § 237-14 specifically provides that a given business may simultaneously be subsumed within the definition of more than one business classification, and that tax liability does not depend upon the primary or fundamental character of the business.[5] Thus, there is no theoretical barrier to subjecting an appliance repairman to excise tax liability under both HRS § 237-13(6), relating to service businesses, and HRS § 237-16(a)(1), relating to retailing, to the extent that each is applicable to particular items of gross income.

We are persuaded that the appliance repairmen, whom the taxpayer supplied with parts, were engaged in the retail sale of parts as well as in the sale of repair services. In this connection, we adopt the reasoning expressed in *Doby v. State Tax Commission*, 234 Ala. 150, 153, 174 So. 233, 236 (1937), dealing with the status of automobile repairmen under the Alabama sales tax law:

> Under the agreed facts, automobile repair shops are liable for the tax upon the proceeds of sales of automobile parts, accessories, tires, batteries, used by them in repairing and refitting automotive vehicles for their customers.
>
> The fact that by the custom of business at the time

---

[5]HRS § 237-14 provides:

Segregation of gross income, etc., on records and in returns. The imposition of taxes and the application of tax rates do not depend upon the business in which the taxpayer is primarily engaged. One business may be subject to two or more tax rates. If a business is within the purview of two or more of the paragraphs of section 237-13 or other provisions of this chapter all of them apply, each provision being applicable to the appropriate item of gross income, gross proceeds of sales, or value of products. However, any person engaging or continuing in a business having gross income, gross proceeds of sales, and value of products, or any of these as the case may be, taxable at different rates, shall be subject to taxation upon the aggregate amount of the gross income, gross proceeds of sales, and value of products of the business at the highest rate applicable to any part of the aggregate, unless he shall segregate the parts taxable at different rates upon his records and in his returns, and shall sustain the burden of proving that the segregation was correctly made.

It is precisely because the "fundamental character" of an appliance repairman's business is inconclusive for purposes of determining his tax liability under HRS ch. 237 that the reliance by the director of taxation upon Central Television Service, Inc. v. Isaacs, 27 Ill. 2d 420, 189 N.E.2d 333 (1963), is inapposite.

of the passage of this act such parts and accessories were charged to the customer at stated prices separate from the charge for services is persuasive of an intent to sell such parts at retail. Whether books were so kept or not, if in fact such parts and equipment, passed substantially intact to the customer, the reasonable sale price therefore would [be no less separable] because such parts or accessories were installed in place in the repaired car for the use of the customer.

The three criteria articulated in *Doby* are clearly satisfied in the instant case: 1) the appliance repairmen were subject to excise tax liability upon gross income derived from the transfer of appliance parts to their customers; 2) the repairmen manifested an intent to sell the parts at retail through separate invoicing; and, 3) the parts passed to the customer in substantially the same form as when the repairmen received them from the taxpayer. It is therefore playing with the words to say that the parts are "consumed" by the repairmen in the performance of their service, rather than by the appliance owners, the ultimate users of the parts. *See Western Leather & Finding Co. v. State Tax Commission*, 87 Utah 227, 232-33, 48 P.2d 526, 528 (1935); *C. & E. Marshall Co. v. Ames*, 373 Ill. 381, 383, 26 N.E.2d 483, 484 (1940).

Therefore, since the taxpayer's customers in the appliance repair business were engaged in sales of tangible personal property for consumption or use by the purchaser, HRS § 237-16(a)(1), the taxpayer correctly reported sales of appliance parts to such customers as wholesale sales within the meaning of HRS § 237-4(1).[6]

II. SALES BY THE TAXPAYER OF PAINT TO CUSTOMERS IN THE AUTOMOBILE PAINTING BUSINESS WERE SALES "OF TANGIBLE PERSONAL PROPERTY, FOR CONSUMPTION OR USE BY THE PURCHASER AND NOT FOR RESALE," WITHIN THE MEANING OF HRS § 237-16(a)(1).

---

[6]It follows as a corollary to the above-mentioned proposition that the taxpayer, in its capacity as repairman, correctly characterized the appliance parts which it imported as imports for resale within the meaning of HRS § 238-2.

We cannot reach the same conclusion with regard to the taxpayer's sales of paint to customers in the automobile painting business. In the circumstances presented by this appeal, it is more accurate to say that the automobile painters, rather than the automobile owners, consumed the paint for purposes of imposing tax liability under HRS ch. 237. The automobile painters manifested no intent to sell the paint to their customers at retail; there was no separate invoicing. There has been no showing that their customers were entitled to retain any excess portion of the unused paint. Finally, that which the customer received, a freshly painted car surface, was materially different from that which the automobile painter purchased from the taxpayer. While the sprayed paint remains perceptible to the senses, it has undergone a material alteration in character and is in substantially different form from its original composition. Therefore, the tax appeal court correctly held that the automobile painters consumed the paint in the performance of their services and that sales of paint by the taxpayer to automobile paint shops were sales of tangible personal property for consumption or use by the purchaser and not for resale, *i.e.*, retail sales under HRS § 237-16(a)(1). *See Doby v. State Tax Commission, supra,* 234 Ala. at 153, 174 So. at 236.

Affirmed.

*Alana W. Lau,* Deputy Attorney General (*George Pai,* Attorney General of counsel) for director of taxation-appellant, cross-appellee.

*Richard L. Griffith* and *Larry L. Myers* (*Cades, Schutte, Fleming & Wright* of counsel) for taxpayer-appellee, cross-appellant.