**SAM CAREY LUMBER COMPANY, Plaintiff–Appellant,**

v.

**SIXTY–ONE CABINET SHOP, INC., Defendant–Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

March 22, 1989.

Application for Permission to Appeal Denied by Supreme Court May 30, 1989.

James T. Bland, Jr. and Prince C. Chambliss, Jr., Memphis, for plaintiff-appellant.

Randall W. Pierce, Memphis, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff, Sam Carey Lumber Company, sued defendant, Sixty–One Cabinet Shop, Inc., to recover Tennessee sales tax assessed on sales made by plaintiff to defendant. Both parties moved for summary judgment and the trial court denied plain-

tiff's motion and granted defendant's motion. The sole issue on appeal is whether the trial court erred in denying the plaintiff's motion for summary judgment and granting defendant's motion.

The facts are undisputed and the parties concede that this is a proper case for summary judgment pursuant to Rule 56, Tennessee Rules of Civil Procedure. Sam Carey operates a wholesale lumber sales business and from the period March 8, 1985, to May, 1987, sold to Sixty–One various forms and quantities of natural wood products. The sales taxes were not collected at the time of the various sales. According to plaintiff's sworn proof, Sam Carey mistakenly believed that sales to Sixty–One were exempt from the sales tax because "these sales were either for resale or plaintiff understood that Defendant, Sixty–One, had an industrial machinery number and that defendant paid the state and local sales taxes on any materials consumed by defendant directly to the State of Tennessee." During the period in question, Sam Carey made approximately 46 separate sales to Sixty–One totaling $202,686, excluding sales taxes. The invoices for the respective sales do not reflect any sales tax for the transactions. Sixty–One's sworn response to this proof is that Sam Carey never made inquiry as to whether or not Sixty–One had an industrial machinery number or whether the sales were for resale by Sixty–One.

As a result of an audit conducted by the Tennessee Department of Revenue, plaintiff was advised that Sixty–One did not make sales for resale and did not pay tax directly to the state for materials consumed by it. Sam Carey was required to pay the total sales tax of $15,709 plus interest of $3,704, and upon Sixty–One's refusal of reimbursement, this suit was brought.

The statutes pertinent to the issue before us, T.C.A. §§ 67–6–501, 67–6–502 (1983), are as follows:

**67–6–501. Tax collected from dealer.—**
(a) Every dealer making sales, whether within or outside the state, of tangible personal property, for distribution, storage, use, or other consumption in this state, or furnishing any of the things or services taxable under this chapter, shall be liable for the tax imposed by this chapter.

(b) The tax shall be collected from the dealer as defined herein and paid at the time and in the manner as hereinafter provided.

(c) The aforesaid tax at the rate provided by law of the retail sales price, as of the moment of sale, or of the cost price, as of the moment of purchase, as the case may be, shall be collectible from all persons, as defined in § 67–6–102, engaged as dealers, as defined in § 67–6–102, in the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of tangible personal property, or in the furnishing of any of the things or services taxable under this chapter.

**67–6–502—Tax paid by consumer.—**The tax imposed by this chapter shall be collected by the retailer from the consumer insofar as it can be done.

As noted, T.C.A. § 67–6–501 places the legal incidence of the sales tax upon the seller, not the consumer, but T.C.A. § 67–6–502 requires the seller to collect the tax from the consumer insofar as possible. *See Beare Co. v. Olsen,* 711 S.W.2d 603 (Tenn.1986).

The real question before the Court is whether a seller who erroneously does not collect the sales tax at the time of the sales transaction may, upon discovery of the error, recover the amount of tax from the buyer.

Counsel have not cited nor has our research revealed a Tennessee case precisely on point. However, in *Long Equipment Co. v. Keeton,* 736 S.W.2d 611 (Tenn.App. 1987), the court considered the legal position of a seller who fails to collect sales tax from the buyer and pay the tax to the state at the time of the sales transaction. In *Long,* the buyer purchased a truck from the seller and apparently both parties thought the transaction was exempt from Tennessee sales taxes and so agreed. However, a short time later, the Tennessee

Department of Revenue notified the buyer that sales taxes were due and that his application for title to the truck was being held in suspense until he paid the sales taxes. These taxes were not paid and the buyer never was able to obtain title and operating licenses for the truck. After the buyer defaulted in the payments under the installment contract, the truck was repossessed and ultimately acquired by the finance company. The seller brought this suit to recover its out-of-pocket expenses resulting from the buyer's default. One of the defenses advanced by buyer was that the dealer's failure to pay the sales taxes was a breach of contract. In holding that the dealer did not breach the installment contract by failing to pay the sales taxes to the state, the court said:

> The legal incidence of the sales tax is upon the seller, not upon the consumer. *Beare Co. v. Olsen,* 711 S.W.2d 603, 605 (Tenn.1986); *South Central Bell Telephone Co. v. Olsen,* 669 S.W.2d 649, 651 (Tenn.1984); *Smoky Mountain Canteen Co. v. Kizer,* 193 Tenn. 598, 247 S.W.2d 69 (1952); T.C.A. § 67–6–501. T.C.A. § 67–6–502, however, requires the seller to collect the tax from the consumer insofar as possible. *See also Beare Co., supra,* 711 S.W.2d at 605. Thus, although the seller is liable to the state, *as between the seller and the consumer* the seller is entirely justified in requiring the consumer to pay the tax. The issue here is whether there are circumstances in this case that ought to prevent the plaintiff from collecting the tax from the defendant, thus making the dealer totally liable for the sales taxes.
>
> We do not find any evidence in the record to indicate that the tax should not be collected. If there was a deliberate attempt wrongfully to avoid paying the sales tax, it would appear that both parties were participants in the scheme. It is possible, however, that the parties were simply confused as to the law regarding sales tax exemptions, with no fault on either side. A misunderstanding on both sides is not sufficient justification for making the dealer shoulder the ultimate tax consequences when the stat-

ute puts that burden on the defendant. In fact the State, for reasons unknown, attempted to collect first from the defendant, and the dealer was not contacted. The dealer did not breach the installment contract; the defendant's revocation of acceptance and default were unjustified.

736 S.W.2d at 613. (emphasis in original).

In the case before us, counsel for both parties have cited cases from other jurisdictions. None of the cases, however, involve statutes with the precise language of our statute. In *South Central Bell Telephone Co. v. Olsen,* 669 S.W.2d 649 (Tenn.1984), Justice Harbison of our Supreme Court aptly commented:

> Numerous cases from other states have been discussed by the parties in their comprehensive briefs. Each case, however, necessarily turns upon the language of particular taxing statutes. Revenue decisions from other jurisdictions therefore are less persuasive than those in other contexts....

669 S.W.2d at 652. We do not feel it necessary to prolong this opinion by detailing the cited cases when we are dealing with the peculiar terms of our particular statutes.

From its inception our sales tax act made it mandatory upon the seller to collect the sales tax from the buyer. 1947 Tenn.Pub. Acts, chapter 3, § 5(a). The statutory provision in existence today still makes it mandatory "insofar as possible." In *Hooten v. Carson,* 186 Tenn. 282, 209 S.W.2d 273 (1948), the Court said:

> There is a strong and very just reason why the Legislature made it mandatory upon the seller to collect the tax from the purchaser. This express direction is found in many of the retail sales tax statutes. The courts, in discussing this provision, have held that it is a matter of reasonable regulation of trade practices. Thus in *Doby et al v. State Tax Commission,* 234 Ala. 150, 174 So. 233, 237, the Supreme Court of Alabama, in dealing with the question, says: "The mandatory provision in this section is for the benefit of the seller, but more particularly for the protection of all retailers charged

with the payment of this tax. The lawmakers deemed it unfair competition for the strong to absorb the tax and build up his trade at the expense of the weaker dealer who could not absorb it. So, the legal duty of the retailer, the taxpayer, is to pay the tax and also to collect a like amount from the purchaser. It is not a question of whether he should pay the tax, or, in the alternative collect the tax for the state." (citations omitted).

209 S.W.2d at 275.

The primary rule of statutory construction is to ascertain and give effect to the legislative intent. Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *City of Caryville v. Campbell County*, 660 S.W.2d 510 (Tenn.App.1983).

The court must attempt to construe a statute so that no part will be inoperative, superfluous, void or insignificant. *Id.*

■ As to the sales tax, the legislature has mandated that the seller shall, insofar as possible, collect the tax from the buyer. Nothing in the statute explicitly limits this mandate to the precise time of the sales transaction. Clearly the burden for the payment of the tax is meant to be that of the buyer.

■ The proof in the instant case establishes that plaintiff-seller did not collect the tax from the defendant-buyer at the time of the transaction because of a mistaken belief. The proof also establishes that defendant-buyer was furnished invoices for each of the transactions which showed that no sales tax was charged. Defendant's only response in proof to plaintiff's asserted mistake is that plaintiff made no inquiry of defendant. Obviously, defendant either believed that the sales tax was not due on the transaction because of its business operation or it knew that the seller was mistakenly not collecting the tax. We, like the court in *Long*, do not find "sufficient justification for making the dealer shoulder the ultimate tax consequences when the statute puts that burden on the defendant." 736 S.W.2d at 613. In our opinion to hold otherwise would be to open the door to transactions tending to defeat the legislature's intent that unfair competition should be avoided in the collection of a sales tax.

Accordingly, the order of the trial court granting summary judgment to defendant is reversed. Plaintiff is entitled to summary judgment for the sales tax paid to the State of Tennessee. However, defendant should not be obligated to pay the interest charged to plaintiff by the State for its failure to pay the tax on the sales transactions as they occurred. Therefore, summary judgment is granted to the plaintiff for the amount of sales tax paid. Costs of appeal are assessed against the defendant. This case is remanded to the trial court for such further proceedings as may be necessary.

TOMLIN, P.J., W.S., and DORAN, Special Judge, concur.