**In re David Clark KING, Jr., and Billie B. King, Debtors.**

**David Clark KING, Jr., and Billie B. King, Plaintiffs,**

v.

**TENNESSEE DEPARTMENT OF REVENUE, Defendant.**

BK # 88–11367–B.
Adv. No. 89–0374.

United States Bankruptcy Court,
W.D. Tennessee, E.D.

Aug. 10, 1990.

**340**

Lloyd Utley, Jackson, Tenn., for plaintiffs.

Walter C. Drake, Chapter 7 Trustee, Jackson, Tenn.

Brendan Bradley, Deputy Gen. Counsel, Sandra Nugent, co-counsel, State of Tenn., Dept. of Revenue, Nashville, Tenn.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

WILLIAM H. BROWN, Bankruptcy Judge.

This controversy is before the Court on the Plaintiffs' complaint to determine the dischargeability of a debt comprised of sales taxes due more than three years prior to the filing of their bankruptcy petition. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(1). The following constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The facts are virtually undisputed here and the parties agree that the issue presented is a question of law.

Essentially, the debtors-plaintiffs contend that the State's claim for unpaid Retail Sales Taxes is $40,000.00;[1] $32,364.67 of which is dischargeable, under the Bankruptcy Code, as this amount was assessed for years preceding the three year prepetition limit. According to the debtors, the reasons this amount is dischargeable are: (1) Tennessee law classifies these taxes as "privilege" or "gross receipts" taxes, and, as such, they are of the type specified as dischargeable if older than three years by 11 U.S.C. § 507(a)(7)(A); and (2) these are taxes for which the debtors are personally liable under state law and pursuant to relevant case law, are dischargeable if due more than three years prepetition.

On the other hand, the State contends that sales taxes under Tennessee law are a form of "trust fund" taxes under 11 U.S.C. § 507(a)(7)(C) and thus, nondischargeable regardless of the time of their assessment or due date.

Section 523(a)(1) of the Bankruptcy Code excepts from discharge taxes "of the kind

---

**1.** There may be some dispute as to this amount since the state asserts its claim is $102,216.87 including penalties and interest. However, the amount due has not been raised as a question for decision in this opinion.

and for the periods specified in section ... 507(a)(7) ..., whether or not a claim for such tax was filed or allowed; ..."

■ For purposes of the instant dispute, the pertinent provisions of § 507(a)(7) are (A), (C), and (E). Sections 507(a)(7)(A) and (E) provide that priority will be given only to income, gross receipt, or excise taxes due and payable "after three years before the date of the filing of the petition." Thus, only these types of taxes which are incurred within that three year, prepetition time frame are excepted from discharge pursuant to § 523(a)(1). Section 507(a)(7)(C), on the other hand, provides that priority is given to "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity," without reference to any time frame. Taxes which fall into this latter category are often referred to as "trust fund" taxes because they are collected or withheld and held in trust for taxing authorities. The most readily identifiable example of trust fund taxes are employee withholding taxes. *See, e.g., Begier v. IRS*, —— U.S. ——, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). Under *Begier's* holding, there is no requirement that these funds be segregated in order that they be classified as "trust fund" taxes within the bankruptcy context. *Id.* at 2264.

■ The bankruptcy courts are given concurrent jurisdiction with the state courts to resolve questions of debt dischargeability under § 523(a)(1). *See*, 11 U.S.C. § 523(c). As such, reference to state law is a necessary prerequisite to determination of the type of debt at issue. In this regard, Tennessee Code Annotated §§ 67–6–201 and 67–6–202 refer to "Retail Sales Tax" as a tax imposed on the "privilege" of "engaging in the business of selling personal property at retail." However, at the same time, the Tennessee statutes also provide that retail sales taxes are to be collected by the retailer from the consumer "insofar as it can be done." ⸰ Tennessee Code Annotated § 67–6–502. Moreover, recent case law classifies this directive as a "mandate" and establishes that the buyer is ultimately responsible for payment to the state of sales tax. *Sam Carey Lumber Co. v. Sixty–One Cabinet Shop, Inc.*, 773 S.W.2d 252, 255 (Tenn.App.1989).

■ Thus, under Tennessee law, it is clear that sales tax is a tax to be collected from a third party for which the third party is ultimately liable, to be subsequently paid over to the taxing authorities. *Id.* at 254. Accordingly, notwithstanding the fact that retailers, such as the debtors here, are in the first instance liable for payment of the sales tax to the state, they are responsible for collecting it from the consumer and holding it in trust for the state; thus, sales tax in Tennessee qualifies for bankruptcy purposes as a "trust fund" tax. *See*, Tennessee Code Annotated § 67–6–501.

This conclusion is in harmony with the weight of authority in the bankruptcy context which establishes that notwithstanding "labeling" by state statutes, sales taxes are generally taxes which are collected from third parties and subsequently remitted to the taxing authority. They are essentially "held in trust" by the retailer for the taxing authority and are not subject to discharge regardless of their age. In fact, several courts considering the issue have concluded from the statutory language of § 507(a) and the legislative history that Congress intended to distinguish between sales taxes collected by the retailer from third parties and those for which the retailer is personally liable with only the former qualifying as nondischargeable "trust fund" taxes. *In re Rosenow*, 715 F.2d 277 (7th Cir.1983); *In re Shank*, 792 F.2d 829, 832 (9th Cir.1986); *In re Groetken*, 843 F.2d 1007 (7th Cir.1988) (gross receipts tax was discharged when more than three years old but Illinois statute was occupation tax on persons engaged in retailing); *In re DeChiaro*, 760 F.2d 432 (2d Cir.1985); *In re Fox*, 609 F.2d 178 (5th Cir.1980), *cert. denied*, 449 U.S. 821, 101 S.Ct. 78, 66 L.Ed.2d 23 (1980) (a Bankruptcy Act case).

Given this authority, and the Tennessee case law which holds that "[f]rom its inception our sales tax act made it mandatory upon the seller to collect the sales tax from the buyer," *Carey Lumber v. Sixty–One Cabinet Shop, Inc.*, 773 S.W.2d at 254, this

Court concludes that retail sales taxes in Tennessee qualify as "trust fund taxes." As such, the tax obligation at issue is nondischargeable pursuant to 11 U.S.C. § 523(a)(1) and § 507(a)(7)(C). It follows that penalties and interest are likewise not dischargeable if attributable to the nondischargeable tax obligation. *In re Hanna*, 872 F.2d 829 (8th Cir.1989); *In re Burns*, 887 F.2d 1541 (11th Cir.1989).

From the above findings and conclusions, it is HEREBY ORDERED that the plaintiffs' complaint to determine the dischargeability of this debt is DENIED. Accordingly, the tax obligation, including interest and penalties, is excepted from the debtors' general discharge.

SO ORDERED.