**In re MORRIS OFFICE OUTFITTERS, INC., Debtor.**

**Bankruptcy No. 89–11290.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 23, 1991.

---

Timothy P. Smith, Manchester, N.H., for Creditors Committee.

Edward C. Dial, Cullity, Kelley & McDowell, Manchester, N.H., for GMAC.

J. Michael Deasy, Deasy & Dwyer, P.A., Nashua, N.H., for Nashua Trust.

Steven A. Bolton, Nashua, N.H., for debtor.

Richard T. King, Dept. of Revenue, Boston, Mass., for Commissioner Dept. of Revenue.

OFC, Inc., Michael Jankowski, Reinhart, Boerner, et al., Milwaukee, Wis., for OFC, Inc.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

The Commonwealth of Massachusetts Department of Revenue has filed two proof of claims for unpaid Massachusetts sales taxes that were assessed more than three years before the bankruptcy petition was filed. One claim is secured and in the amount of $60,720.00; the other is unsecured and in the amount of $690.44. The debtor objects to these proof of claims.

The question I must resolve is whether the taxes are "trust fund" taxes entitled to priority under 11 U.S.C. § 507(a)(7)(C), or whether the taxes are excise taxes and therefore are not entitled to priority under 11 U.S.C. § 507(a)(7)(E) because they are more than three years old.

Recently, Bankruptcy Judge Gabriel, the Chief Bankruptcy Judge for Massachusetts, adopted the majority view on this issue as applied to Massachusetts sales taxes and concluded that the taxes were "trust fund" taxes entitled to priority. See *In re St. Hilaire*, 102 B.R. 1 (Bankr.D. Mass.1989). His opinion carefully analyzed the federal and state statutory framework, the legislative history, and the case law in reaching his conclusion.

I believe Judge Gabriel's decision is well-reasoned and I will follow it. This is particularly the case here because I believe there must be a *clear* indication in the legislative history that an ambiguous statute is intended to change prior law from what existed under the former Bankruptcy Act before the statute is construed to effectuate change. *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986); *Midlantic Nat'l Bank v. New Jersey Dept. of Envt. Protection*, 474 U.S. 494, 500, 106 S.Ct. 755, 758, 88 L.Ed.2d 859 (1986); *In re Flo–Lizer, Inc.*, 916 F.2d 363 (6th Cir.1990)[1]. In addition, I take comfort in the fact that the three courts that have decided this issue since the decision in *In re St. Hilaire* was announced have all agreed with its conclusion. See *In re Taylor Tobacco Enter., Inc.*, 106 B.R. 441 (E.D.N.C. 1989); *In re King*, 117 B.R. 339 (Bankr.W. D.Tenn.1990); *In re Gulf Consolidated Serv., Inc.*, 110 B.R. 267 (Bankr.S.D.Tex. 1989).

---

**1.** The contrary decisions on the § 507 question rely on statements made by Floor Managers DeConcini and Edwards, in the absence of a Conference Report, regarding what was to become the pertinent provisions of the 1978 Bankruptcy Code. In this regard, concerning the interpretation of other provisions of that Code, the remarks of Justice Scalia, concurring in *Begier v. I.R.S.*, —— U.S. ——, 110 S.Ct. 2258, 2267, 110 L.Ed.2d 46 (1990), are particularly apt:

"Representative Edwards, the House floor manager for the bill that enacted the Bankruptcy Code, said on the floor that '[t]he courts should permit the use of reasonable assumptions' regarding the tracing of tax trustfunds. 124 Cong.Rec. 32417 (1978). We do not know that anyone except the presiding officer was present to hear Representative Edwards. Indeed, we do not know for sure that Representative Edwards' words were even uttered on the floor rather than inserted into the Congressional Record afterwards."