The majority bases its conclusion that Bolden and the members of the taxpayer class (hereafter collectively referred to as "Bolden") do not have standing to challenge the constitutionality of §§ 40-23-36 and 40-23-77, Ala. Code 1975, on the premise that the "discounts are merely payment to retailers for services rendered in the collection and timely remission of taxes to the Department." While I agree that the "discounts" are payments to retailers, I do not see how this would affect Bolden's standing as a taxpayer to challenge the constitutionality of such payments. As the majority states, "[a] taxpayer has the right to challenge the unlawful disbursements of state funds by state officers. Zeigler v.Baker, 344 So.2d 761 *Page 1213 
(Ala. 1977)." Collected taxes are state funds. See Matter ofFox, 609 F.2d 178, 181 (5th Cir. 1980) ("a mandatory duty is imposed on the seller to collect and remit the Alabama sales tax to the [state]"); Doby v. State Tax Commission, 234 Ala. 150,174 So. 233 (1937). The subsequent "discounts" are disbursements from these state funds.
The only authority cited by the majority in support of its conclusion that Bolden does not have standing is Epps Aircraft,Inc. v. Exxon Corp., 859 F. Supp. 533 (M.D.Ala. 1993). I believe that the majority's reliance on Epps is misplaced. InEpps, the United States District Court for the Middle District of Alabama held that a consumer, Epps, did not have standing to sue Exxon, a retailer, on a theory of unjust enrichment, where Epps sought to recover "discounts" that had been retained by Exxon as compensation for its collection of city fuel taxes for the City of Montgomery. Epps, supra. The District Court concluded that Exxon had not been unjustly enriched, i.e., that Exxon had not caused an injury for purposes of standing, because Exxon was authorized by an administrative agreement to retain a fee (the "discounts") as compensation for its collection of the taxes. Epps is not applicable to the case at hand, because Bolden's suit is against the State, the entity that caused her injury by authorizing the "discounts," not the retailers that received the discounts.
Moreover, I am convinced that upholding Bolden's standing to sue in this instance would serve to benefit the citizens/taxpayers of Alabama. If taxpayers are not permitted to question the validity of state expenditures, there may be instances where invalid or unconstitutional expenditures are never questioned. These instances may arise when state officials who have the authority to challenge expenditures are in accord with the expenditure or encumbered by other matters. When such a situation occurs, "it is only the taxpayer's attack which preserves the public treasure." Zeigler, 344 So.2d at 764 (quoting Department of Administration v. Horne, 269 So.2d 659,660-61 (Fla. 1972)).
According to the majority, the Town of Camp Hill and the other members of the class have not suffered an injry for purposes of standing, because they "voluntarily chose" to allow the State Department of Revenue to collect their sales taxes. I agree with the majority's conclusion that a city or town is not required to authorize the State Department of Revenue to collect its sales taxes; however, I do not agree with the majority's holding that a city or town's voluntary participation in a statutory scheme deprives it of standing to attack the constitutionality of the scheme.[2] If a city or town is adversely affected by the operation of a statute, then the city or town has standing to attack the constitutionality of the statute. See Peddy v. Montgomery, 345 So.2d 631 (Ala. 1977); State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943).
For the foregoing reasons, I would reverse the trial court's judgment.
MONROE, J., concurs.
[2] Under § 11-51-180 et seq., a city or town may collect its sales taxes according to such rules and regulations as it may adopt by ordinance; therefore, collection of city or town taxes by the State Department of Revenue is not mandatory.