177 So. 146

## CODY v. STATE TAX COMMISSION.

### 3 Div. 228.

Supreme Court of Alabama.

Nov. 18, 1937.

Mooneyham & Mooneyham, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., C. L. Rowe, Asst. Atty. Gen., H. L. Anderton, of Birmingham, L. H. Ellis, of Columbiana, and E. C. Boswell, of Geneva, for appellee.

FOSTER, Justice.

This is a suit in equity seeking by a declaratory judgment an interpretation of the Alabama Sales Tax Act in so far as it affects the interests of complainant. Gen. Acts 1936-37, Sp.Sess. p. 125.

The bill alleges that complainant operates a general automobile supply business, whether at retail or wholesale is not stated in exact terms, in which he sells practically all parts of every kind for automobiles, tractors, trucks, and road machinery, including automobile accessories, tires, batteries, material, and supplies such as paint, solder, tools, machinery, and other supplies purchased by automobile repair shops and by them used and consumed in repairing and reconditioning their own secondhand cars for their own use and also for resale. Some customers do general repair work and recondition secondhand cars for·resale; others do that and also operate a retail establishment in which they sell parts, tires, accessories, material, and supplies, such as solder and paint. When customers order goods, they invariably inform complainant whether they are for resale or for use and consumption; and when they state that they are buying for resale, he has no way of knowing whether that is true or not; that

he must rely on the statements made by his customers as to whether they are to be resold. That many such customers who operate a repair shop and retail department refuse to pay complainant the tax on the ground that they are purchased for resale at retail. That the State Tax Commission claims the tax on all such goods sold by him to automobile repair shops, though they or some of them may be resold at retail. Complainant then seeks a declaratory judgment on the following questions:

"(a) Whether or not the complainant and those similarly situated with him in the automobile business as aforesaid are liable for said 2% sales tax on automobile parts, tires, accessories, etc., sold by him to automobile repair shops to be used, and which are in fact used, by said automobile repair shops in reconditioning their own secondhand automobiles for resale.

"(b) Whether or not the complainant and those similarly situated with him in the automobile business as aforesaid are liable for the 2% sales tax on materials such as solder, paint, etc., sold to automobile repair shops to be used, and which are in fact used, by them, in reconditioning their own secondhand automobiles for resale.

"(c) Whether or not the complainant and those similarly situated with him in the automobile business as aforesaid are liable for the 2% sales tax on automobile parts and accessories, as well as materials and supplies such as solder and paint, and other materials, sold by them to automobile repair shops for resale when, as a matter of fact, such products are not resold by said automobile repair shops, but are consumed by them in rendering service in and about repairing cars for their customers or in reconditioning their own secondhand cars for resale.

"(d) Whether or not the complainant and those similarly situated with him in the automobile business as aforesaid are liable for said 2% sales tax on paints, solder, tools, machinery and other supplies and materials sold by the complainant to them and used by them, or consumed in and about repairing automotive vehicles or property belonging to others.

"(e) Whether or not the complainant and those similarly situated with him in the automobile business as aforesaid are liable for the 2% sales tax on paints, solder, tools, machinery and other supplies and materials sold to the automobile repair shops to be used, and which are in fact used in and about repairing automotive vehicles or other property of said automobile repair shops used by it but not resold."

The State Tax Commission admits the material allegations of fact set out in the bill and joins in the purpose to have the court make declaration on the points mentioned.

We think that the questions call for a practical application of the legal principles and interpretation of the act contained in our case of Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233.

As there explained, when the operator of an automobile repair shop sells an article or part for a car, it is a retail sale, and the tax must be paid by him, though he also installs the part in the car. When so, the seller of the part to the car owner is a retailer, and it follows that the seller to him would not be such a retailer as that its sale would subject him also to the tax. When the shop operator uses and consumes material in repair work and reconditioning cars of his own or for others, or uses parts in reconditioning his own secondhand cars for sale, he is in that respect a consumer, not a retailer, and the tax is upon the sale to him, since there is no sale by him.

The Doby Case, supra, dealt with the liability of the operator of the shop. In it, the statement was clearly made that the liability for the tax payable by the seller to the operator of the shop was not involved nor decided. But that is now the purpose of this suit.

The act undertakes to tax a retailer not a wholesaler. One who sells to a user or consumer is a retailer; a wholesaler sells to others for resale. A person, under the act, may be both a retailer and wholesaler, and in that event must pay the tax only on his retail sales provided his books show separately the retail and wholesale sales. Section 2 (a).

While the act defines a retailer and wholesaler as being dependent upon whether the purchaser is a user or consumer and acquires the property for use and consumption, or for resale, it sometimes occurs, as here manifested, that the dealer does not know what his customer will do with the goods; and that sometimes his customer disposes of the property for one or the other purpose indiscriminately, using some and selling some of the same stock. There would, of course, be no diffi-

50

culty if the shopkeeper sold no parts as we have interpreted a sale in that connection, nor if he consumed no parts.

While it may not be the duty of the dealer in selling to him to follow up the transaction to see to it that none of the goods are used or consumed, it is his duty to know the general nature of the business conducted by the customer. He is bound to find out the nature of business conducted by him in respect to resales and consumption of goods of a similar sort. If the customer operates a retail place only, and is engaged in the business of reselling the goods so purchased from the dealer or jobber, there is no tax on the sale by the dealer to him, although the latter may, occasionally but rarely, take from his stock certain of the goods, supplies, and parts and use them on his own car or in rendering some desultory service to another. The question controlling on the dealer would be dependent upon the usual course of business of such customer, not what he might do on an isolated occasion. The dealer is bound to know only the general customary business of his customer. It may be a part of the business of the customer in the usual course, both to render service and to sell parts out of the stock purchased from the dealer, so that when the sale is made, the goods are not separated for resale from those which are used in service, and which would be subject to the tax on the sale by the dealer to the customer thus dealing with the goods. But the dealer, as we have said, is bound at his peril when he sells to a customer to know whether the customer is engaged in consuming such goods as a part of his course of business. If so, the sale of them all is taxable, though the customer may also out of the same lot habitually resell some of them to others.

But the customer may have two separate and distinct places of business; one of goods for resale, and one of goods for use and consumption. When so, and the dealer sells and delivers such goods for and at the place of resale, the tax on such original sales is not due to be paid. When they are not so delivered, the tax is to be paid.

Responsibility for what is finally done with the merchandise when good faith and diligence are used at the time of the sale cannot be visited upon the dealer. But he must exercise diligence to know the course of business of his customer, and see that the goods sold are delivered at a place where the custom of the business is known to be for resale only, or take the consequences.

Answering the inquiries seriatim, it follows that (a), (b), (d), and (e), supra, should be answered in the affirmative. The answer to (c) cannot be given in categorical form, as requested. That depends upon the circumstances and conditions which we have endeavored to explain. This is in some respects a modification of the answer made by decree of the circuit court, and as so modified the decree of that court conforms to our views.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.