SHORES, Justice
(dissenting):
The State appealed to the Court of Civil Appeals from a final decree rendered by the Circuit Court of Montgomery County setting aside a sales tax assessment against The Advertiser Company (Advertiser) entered by the State Department of Revenue. The sales tax was levied by the City of Montgomery and the Department of Revenue sought to collect it in accordance with Act No. 203, First Special Session, 1965 Acts of Alabama, approved April 20, 1965, page 272. The Court of Civil Appeals reversed in part the judgment of the trial court and we granted certiorari.
The Advertiser, admittedly and by stipulation of the parties, sold newspapers to independent persons for resale by them to ultimate consumers. The question presented here and below is whether these sales were wholesale ones within the meaning of Title 51, § 786(2)(i), Code:
“The term ‘wholesale sale’ or ‘sale at wholesale’ means any one of the following: a sale of tangible personal property by wholesaler to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale . .
The trial court held that because the transactions involved had all the elements of a wholesale sale — namely a sale by the Advertiser to admittedly independent news dealers for resale — the sales were wholesale ones and not subject to sales tax.
The Court of Civil Appeals agreed with the trial court that the issue turned on whether the sales by ‘the Advertiser to its newscarriers met the statutory definition of wholesale sales, but determined that, because the newscarriers were engaged in retail selling to individual consumers, they were retail merchants. However, since they were not licensed retail merchants, that court held that the duty to pay the tax fell on the Advertiser.
In so holding, the Court of Civil Appeals attached paramount significance to the word “licensed.” Whether the sales are subject to the sales tax is the determinative issue. If they are sales at retail, the tax is due and the Advertiser, under our statutory scheme, is liable for the tax if it fails to collect it from its buyer. However, if the sales are wholesale sales, no tax is due, and the Advertiser is not liable.
The State, in assessing the tax, necessarily contends that the sale by the Advertiser is a sale at retail. It bases this contention on the assertion that the sale does not fall within the statutory definition of a wholesale sale. It contends that the statute provides two basic classes of sales which are wholesale sales. The first, says the State, is a sale to a “licensed retail merchant,” who will resell the merchandise to the consumer. The other is a sale for resale, not to the ultimate consumer but to one who will in turn resell the merchandise to a retailer. Because the newscarriers do not sell the newspapers to a retailer, they do not fall within the second category, goes the State’s argument; and because they are not licensed retail merchants, they cannot fall within the first category. Therefore, the State asserts that the Advertiser is liable for the tax since the sale by it to its news-carriers is not a wholesale sale as statutorily defined.
Whether the sales tax is due on a sale is to be determined from the facts. If the *949 sale is to the ultimate consumer, the tax is due. If, however, the sale is to one for resale, no tax is due. The purpose of Act No. 203, supra, is to impose a tax on the ultimate consumer of the property, regardless of who this may be. State v. T. R. Miller Mill Company, 272 Ala. 135, 130 So.2d 185 (1961).
“The Alabama sales tax has been held to be a consumer’s tax in the sense that the ultimate burden of the tax must be passed on to the consumer. King & Boozer v. State, 241 Ala. 557, 3 So.2d 572, and cases cited. However, as to taxable sales, the burden is upon the seller to collect from the purchaser the amount of tax due on a sale and the State looks to the seller for the tax. Doby et al. v. State Tax Commission, 234 Ala. 150, 174 So. 233, 237; Tanner v. State, 28 Ala.App. 568, 190 So. 292, certiorari denied, 238 Ala. 269, 190 So. 295. ...” Merriwether v. State, 252 Ala. 590, 593, 42 So.2d 465, 466 (1949).
Whether a sale is subject to the payment or collection of the sales tax in no way turns upon the single fact that the buyer possesses a license. The question is whether the sale is to one for his own use or consumption or for resale. The tax is due if the buyer uses or consumes the article whether he holds a retail license or not.
This distinction was clearly drawn in Cody v. State Tax Commission, 235 Ala. 47, 177 So. 146 (1937). That case involved sales of automobile parts to persons who used some of such parts to repair and recondition secondhand automobiles and resold some of such parts. Some of these persons operated retail outlets. The question was whether the seller of such parts was liable for the sales tax on all of such sales. There the court said:
“While it may not be the duty of the dealer in selling to him to follow up the transaction to see to it that none of the goods are used or consumed, it is his duty to know the general nature of the business conducted by the customer. He is bound to find out the nature of business conducted by him in respect to resales and consumption of goods of a similar sort. If the customer operates a retail place only, and is engaged in the business of reselling the goods so purchased from the dealer or jobber, there is no tax on the sale by the dealer to him, although the latter may, occasionally but rarely, take from his stock certain of the goods, supplies, and parts and use them on his own car or in rendering some desultory service to another. The question controlling on the dealer would be dependent upon the usual course of business of such customer, not what he might do on an isolated occasion. The dealer is bound to know only the general customary business of his customer. It may be a part of the business of the customer in the usual course, both to render service and to sell parts out of the stock purchased from the dealer, so that when the sale is made, the goods are not separated for resale from those which are used in service, and which would be subject to the tax on the sale by the dealer to the customer thus dealing with the goods. But the dealer, as we have said, is bound at his peril when he sells to a customer to know whether the customer is engaged in consuming such goods as a part of his course of business. If so, the sale of them all is taxable, though the customer may also out of the same lot habitually resell some of them to others.” (235 Ala. at 50, 177 So. at 148)
It is clear from Cody that the taxability of a sale does not turn on whether the sale is made to one holding a license for resale. Likewise, in Merriwether v. State, supra, the tax was imposed on the seller even though the sales were made to “regularly licensed retail automobile dealers,” because the facts indicated that the buyer consumed rather than resold such articles. The statutory definition of wholesale sale was identical to the language now contained in Title 51, § 786(2)(i).
In the instant case, it is not disputed that the Advertiser sells newspapers to newscar- *950 riers who, in turn, sell the papers to the ultimate consumer. Clearly this sale is one for resale and is not subject to the sales tax. Although the Advertiser and other newspapers throughout the State have, for many years, collected the State sales tax from its newscarriers, they have done so pursuant to an agreement with the Department of Revenue. However, that agreement does not bind the Advertiser to collect a parallel sales tax imposed by municipalities, which is the subject of this case.
Therefore, I would reverse the decision of the Court of Civil Appeals holding the Advertiser liable for the tax on sales made to its adult newscarriers.
HEFLIN, C. J., and ALMON and BEAT-TY, JJ., concur.