Commonwealth of Kentucky, DEPART-
MENT OF REVENUE and Kentucky
Board of Tax Appeals, Appellants,

v.

WARREN CHEMICAL & JANITOR SUP-
PLY COMPANY (also known as Warren
Chemical & Supply Co. and Warren
Chemical Company), Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1977.

Discretionary Review Denied
April 4, 1978.

Glenn McDonald, Louisville, for appellants.

William L. Sullivan, Henderson, for appellee.

Before COOPER, REYNOLDS and WINTERSHEIMER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the Webster Circuit Court which reversed a decision of the Kentucky Board of Tax Appeals. The Board of Tax Appeals affirmed a Sales and Use tax deficiency assessment by the Kentucky Department of Revenue against the appellee in the amount of $9,838.96, plus interest.

The appellee is a manufacturing company and a wholesaler of hundreds of different items. It sells many kinds of supplies to purchasers such as theaters, restaurants, carwashes, service stations, American Legion Posts, doctors offices, florists, funeral homes, hotels, motels, printing companies, trailer sales companies, used car lots, drug stores and other businesses. The sales subject to the deficiency assessment were made to companies or organizations within the Commonwealth; and the tangible, personal property subject to the deficiency assessment was delivered by the appellee to the various businesses mentioned above.

The items on which the tax deficiency assessment was made were supplies such as paper towels, paper cups, hand cleaners, mops, brooms, floor wax, floor finishers, toilet bowl cleaners, glass cleaners, smoking urns, white sand, insect spray, windshield towels, chamois skins, disinfectants, light bulbs, fluorescent lamps, deodorant blocks, industrial sprayers, guest checks used in the restaurant business, turkish towels, vacuum cleaners and numerous other items.

The appellee took certificates for resale pursuant to statute on each and every one of the questioned sales which under normal circumstances would represent that the sales made were not retail sales, but for resale by the buyer. The Board of Tax Appeals, which was reversed by the lower court, held that the appellee was responsible for the remittance of the sales tax in the above sales because the sales were actually retail sales and the resale certificates were not taken in good faith by the appellee.

KRS 139.260 provides as follows:

"139.260. *Presumption That All Gross Receipts Are Taxable.*

For the purpose of the proper administration of this chapter and to prevent evasion of the sales tax, it shall be presumed that all gross receipts are subject to the tax until the contrary is established. The burden of proving that a sale of tangible personal property is not a 'retail sale' or 'sale at retail' is upon the person who makes the sale, unless he takes from the purchaser a certificate to the effect that the property is purchased for resale."

KRS 139.270 provides as follows:

"139.270. *Certificate Of Intention To Resell.*

The certificate relieves the seller from the burden of proof only if taken *in good faith* from a person who is engaged in the business of selling tangible, personal property and who holds the permit provided for in KRS 139.250, and who at the time of purchasing the tangible, personal property, intends to sell it in the regular course of business or is unable to ascertain at the time of purchase whether the property will be sold or will be used for some other purpose." (emphasis added)

█ It is clear, from a reading of the above statutes, that the presumption is absolute that the gross receipts taken by the seller are taxable, and the burden of proving that the property sold is not taxable to the seller is shifted only if the certificates for resale are taken *in good faith* by the seller. Consequently, in the instant case, we feel that the issue correctly stated is as follows:

WHETHER THE APPELLEE ACTED IN GOOD FAITH SO AS TO BE RELIEVED OF THE STATUTORY BURDEN IMPOSED ON SELLERS TO REMIT THE SALES AND USE TAX IMPOSED BY THE KENTUCKY REVISED STATUTES?

█ To properly decide this issue, we must first consider what constitutes good faith in situations such as the case at bar. *Ballentine's Law Dictionary*, Third Edition, defines good faith as, "acting in the absence of circumstances placing a man of ordinary prudence on inquiry."

Other jurisdictions have dealt more specifically with circumstances analogous to the case at bar. In the case of *Merriwether v. State*, 252 Ala. 590, 42 So.2d 465, 11 A.L.R.2d 918 (1949), the Alabama Supreme Court held that in cases where a wholesaler sells to customers where the property sold may be subject to the sales tax,

.   .   .   it is his duty to know the general nature of the business conducted by the customer. He is bound to find out the nature of business conducted by him in respect to resales and consumption of goods of a similar sort.   .   .   .   But the dealer, as we have said, is bound at his peril when he sells to a customer to know whether the customer is engaged in consuming such goods as a part of his course of business. If so, the sale of them all is taxable, though the customer may also out of the same lot habitually resell some of them to others.   .   .   . Responsibility for what is finally done with the merchandise when good faith and diligence are used at the time of the sale cannot be visited upon the dealer. But he must exercise diligence to know the course of business of his customer, and see that the goods sold are delivered at a place where the custom of the business is known to be for resale only, or take the consequences.

The above principle of law is apparently the general rule throughout the nation. In 68 Am.Jur.2d, *Sales and Use Taxes* § 150, it is stated:

Notwithstanding that a vendor may take from his vendee a resale certificate it is still the duty of every wholesale merchant selling tangible personal property to a retailer for resale to make reasonable and prudent inquiry concerning the type and character of tangible personal property as it relates to the principal business of the retailer as the statute so provides.

The appellee contends that the taking of a resale certificate in of itself relieves the seller from any responsibility as to whether the property is actually resold or consumed by the buyer in his business. For the court to hold as such would not be consistent with the intent of the legislature, which by a reading of the statute clearly requires good faith in the receiving of a resale certificate.

From the testimony in the record, it is clear that the appellee did not exercise the requisite good faith in its receipt of the resale certificates. It is ludicrous that the appellee could have received in good faith the resale certificates from a funeral home which purchased a weed killer, or from the Kentucky State Police in the purchase of toilet bowl cleaner, or from any number of other sales made by the appellee. It is clear from the record that the appellee exercised no diligence to ascertain whether the property sold was actually for resale or consumption by the buyer. Its blind acceptance of the certificates of resale is not legally acceptable and will not shift the burden of proof from the appellee to the Kentucky Department of Revenue. The appellee has not met its burden of proving the sales in question were not retail sales.

We hold that the findings of the Kentucky Board of Tax Appeals are supported by substantial evidence and that the lower court misconstrued the law in its reversal of the decision. Therefore, we reverse the lower court and order that a judgment be entered for the appellants in conformity with the decision of the Kentucky Board of Tax Appeals, with the cost of the action left to the discretion of the lower court to the extent permitted by the law.

All concur.