PACE MEMBERSHIP WAREHOUSE,
INC., Appellant,

v.

REVENUE CABINET, COMMON-
WEALTH OF KENTUCKY,
Appellee.

No. 90–CA–871–MR.

Court of Appeals of Kentucky.

March 8, 1991.

Case Ordered Published by Court of
Appeals May 3, 1991.

Hal Nance Bogard, Happy R. Perkins
and David R. Rhein, Brown, Todd & Hey-
burn, Louisville, for appellant.

Stephen G. Dickerson, Revenue Cabinet,
Frankfort, for appellee.

Before LESTER, C.J., and STUMBO
and WILHOIT, JJ.

LESTER, Chief Judge.

This is an appeal from an order entered
on an opinion affirming a determination of
the Board of Tax Appeals upholding an
assessment for uncollected sales taxes.

Pace Membership Warehouse was
a retailer which was required to collect
sales taxes imposed by KRS 139.200 *et seq.*
However, if the merchandiser was selling
to a customer who was going to resell the

goods, then it could obtain a resale certificate as provided for in KRS 139.270 in which event it was not obligated to collect the tax. That statute, in its entirety, recites:

(1) The resale certificate relieves the seller from the burden of proof only if taken in good faith from a person who:

(a) Is engaged in the business of selling tangible personal property;

(b) Holds the permit provided for in KRS 139.250; and

(c) At the time of purchasing the tangible personal property, indicates his intention to sell it in the regular course of business by executing the resale certificate.

(2) "Good faith" shall be demonstrated by the seller if he:

(a) Accepts a properly completed resale certificate;

(b) Maintains a file of such certificate in accordance with KRS 139.720; and

(c) Determines that the kind of property being sold to the purchaser is normally offered for resale in the type business operated by the purchaser and that the property, if delivered by the seller, is delivered to the purchaser's business address. The seller is also relieved if the purchaser is unable to ascertain at the time of purchase whether the property will be sold or will be used for some other purpose.

(3) If the cabinet later finds that the seller exercised good faith according to the provisions of subsection (2) of this section but that the purchaser used the property in a manner that would not have qualified for resale status, the cabinet shall hold the purchaser liable for the remittance of the tax and may apply penalties provided in KRS 139.990.

The enactment requires the seller to act in good faith in accepting the resale certificate in order to relieve itself from the burden of proof by determining that its purchaser is in the business of selling tangible personal property and concluding that the purchaser has indicated an intention to sell the goods *in the regular course of business.* The method by which the seller, Pace herein, can demonstrate a "good faith" transaction is determining that the kind of property being sold to the purchaser "is normally offered for resale in the type of business operated by the purchaser." In the case at bench, an audit revealed that appellant sold such items under a resale certificate as cleaning supplies, dog food, undergarments and blue jeans to businesses that do not customarily resell these goods like restaurants, liquor stores and auto stores. More specifically, the appellee refused to accept the fact that Boyle Electronics sold Tide detergent or that J & J Electronics merchandised Christmas bows and wrapping, Lysol spray, razors and Kleenex or that B & T Liquors resold Old Spice, knife sets and Glad Wrap or that Lee's Restaurant sold mops, bleach and paper towels. It is apparent that the Revenue Cabinet concluded that Pace failed to determine that the kind of property it sold to these customers was normally offered for resale in the types of businesses operated by the purchasers. Thus, it said no good faith was demonstrated in the acceptance of the resale certificate. A $28,529 assessment was levied, protest made and denied and an appeal taken to the Board of Tax Appeals. The administrative agency upheld the assessment and the matter was appealed to the circuit court which affirmed the Board.

The primary contention of appellant is that appellee was under a duty to attempt to collect the sales tax from the purchasers before it had the right to seek recovery against it urging that the language of KRS 139.290 mandates such a procedure. The applicable portion of the statute provides:

If a purchaser who gives a certificate makes any use of the property other than retention, demonstration or display while holding it for sale in the regular course of business, the use shall be taxable to the purchaser as of the time the property is first used by him, and the sale price of the property to him shall be deemed the measure of the tax. Only when there is an unsatisfied use tax liability on this basis shall the seller be liable for sales tax with respect to the sale of the property to the purchaser.

■ By virtue of KRS 139.260 Pace is primarily liable for the collection of the sales tax unless a certificate of resale is taken and then it is relieved from the burden of proof only if taken in good faith, an element demonstrated by Pace if it makes a determination that the type of property it sold is normally offered for resale in the type of business operated by the purchaser. This appellant failed to do so and we view the correct issue in this case to be the same as in *Department of Revenue v. Warren Chemical & Janitor Supply Co.*, Ky.App., 562 S.W.2d 644 (1977), namely, whether the appellant acted in good faith so as to be relieved of the statutory burden imposed on sellers to remit the sales tax imposed by law. As did the Court in *Warren Chemical, supra*, so also do we look to our sister state of Alabama when it issued *Merriwether v. State*, 252 Ala. 590, 42 So.2d 465, 11 A.L.R.2d 918 (1949) and *Cody v. State Tax Commission*, 235 Ala. 47, 177 So. 146 (1937). In *Merriwether*, Justice Lawson wrote with reference to the seller:

... it is his duty to know the general nature of the business conducted by the customer. He is bound to find out the nature of business conducted by him in respect to resales and consumption of goods of a similar sort.... But the dealer, as we have said, is bound at his peril when he sells to a customer to know whether the customer is engaged in consuming such goods as a part of his course of business. If so, the sale of them all is taxable, though the customer may also out of the same lot habitually resell some of them to others....

While in *Cody* it was opined that:

Responsibility for what is finally done with the merchandise when good faith and diligence are used at the time of the sale cannot be visited upon the dealer. But he must exercise diligence to know the course of business of his customer.

The foregoing principles were written into our statute and the failure of Pace's agents to diligently examine the certificates of resale to learn what appears obvious to us on their faces demonstrates a lack of good faith.

■ As appellee has pointed out, the Kentucky and Alabama construction is in accord with at least one text for in 68 Am.Jur.2d *Sales and Use Taxes* § 149 (1973), we find:

Notwithstanding that a vendor may take from his vendee a resale certificate, it is still the duty of every wholesale merchant selling tangible personal property to a retailer for resale to make reasonable and prudent inquiry concerning the type and character of the tangible personal property as it relates to the principal business of the retailer as the statute so provides.

Insofar as KRS 139.290 is concerned, we view it as supplemental to KRS 139.270 in that when the purchaser makes use of the property other than resale, then it becomes liable for the payment of the tax, and only where it remains unsatisfied, then the seller becomes liable therefor. This is the secondary liability. There is nothing in KRS 139.290 that requires the Revenue Cabinet to first look to the purchaser for the recovery of the sales tax where the seller accepted the resale certificate without first making the statutorily required determinations in order to comply with the good faith requirement. We note that throughout its brief Pace makes repeated references to "valid resale certificates" with attached sales tapes, but as we view those presented to us, they are patently invalid on their faces.

In view of our conclusions set forth above, we deem it unnecessary to treat appellant's argument as to the distinction between "good faith" and "statutory good faith." Suffice to say, we deem it a distinction without a meaningful difference.

The judgment is affirmed.

All concur.