## ARKIN-MEDO, INC. *v.* COMMISSIONER OF REVENUE SERVICES
### (15119)

Dupont, C. J., and Lavery and Hennessy, Js.

Submitted on briefs September 20—officially released November 26, 1996

*Michael L. Coyle* and *Lawrence H. Lissitzyn* filed a brief for the appellant (plaintiff).

*Richard Blumenthal*, attorney general, and *Rachel O. Davis*, assistant attorney general, filed a brief for the appellee (defendant).

HENNESSY, J. The plaintiff, Arkin-Medo, Inc., a New York corporation, appeals from the trial court judgment upholding a decision by the defendant commissioner of revenue services assessing a tax on the plaintiff's sale of printing materials in Connecticut.[1] The issues set forth by the plaintiff arise from the interpretation of the sales and use tax statute, General Statutes (Rev. to 1989) § 12-410,[2] as it applies to the sale of prepress

---

[1] In February 1991, the commissioner of revenue services commenced an audit of Arkin-Medo, Inc. The period ultimately audited was January 1, 1988, to September 30, 1991. In actually performing the audit, the parties agreed that Arkin-Medo's Connecticut sales during the month of August, 1990, would be audited in detail. All of the disputed sales that are the subject matter of this case occurred during that month.

[2] General Statutes (Rev. to 1989) § 12-410 provides in relevant part: "Presumptions and resale certificates. (1) Presumption of taxability; resale certificate. For the purpose of the proper administration of this chapter and to prevent evasion of the sales tax it shall be presumed that all gross receipts are subject to the tax until the contrary is established. The burden of proving that a sale of tangible personal property or service is not a sale at retail is upon the person who makes the sale unless he takes from the purchaser a certificate to the effect that the property is purchased for resale.

"(2) Effect of certificate. The certificate relieves the seller from the burden

commercial products by the plaintiff to commercial printers in Connecticut.

The trial court found that, with a few exceptions, the contested resale certificates held by the plaintiff, which are the focus of this appeal, were invalid because they were accepted for items not sold for resale and were, therefore, subject to a use tax. The plaintiff appeals from the trial court judgment imposing a tax liability for these contested sales. It argues that the trial court improperly concluded that the plaintiff did not take resale certificates from its customers in good faith as required by § 12-410. We reverse the judgment of the trial court.

Section § 12-410 requires the seller of personalty to pay a sales tax on gross receipts derived from the sale unless the seller can prove that the property was to be sold at retail by the purchaser. Taking in good faith a certificate that states that the property is purchased for resale relieves the seller from the burden of proof. The plaintiff contends that an application of the plain language of § 12-410 to the facts of this case will result in relief from the tax burden imposed by the defendant and upheld by the trial court. Under the plaintiff's interpretation of § 12-410, the seller need not present any proof other than a certificate taken from the purchaser at the time of the purchase that states that the property

of proof only if taken in good faith from a person who is engaged in the business of selling tangible personal property and who holds the permit provided for in section 12-409 and who, at the time of purchasing the tangible personal property, intends to sell it in the regular course of business or is unable to ascertain at the time of purchase whether the property will be sold or will be used for some other purpose . . . .

"(4) Liability of purchaser. (a) If a purchaser who gives a certificate makes any use of the service or property other than retention, demonstration or display while holding it for sale in the regular course of business, the use shall be deemed a retail sale by the purchaser as of the time the service or property is first used by him, and the cost of the service or property to him shall be deemed the gross receipts from such retail sale. . . ."

is purchased for resale or that the purchaser does not know if the property will be sold or used by the purchaser for another purpose.

The defendant responds that the trial court properly affirmed the imposition of a tax because the plaintiff did not accept the certificates in good faith as required by § 12-410 (2) and as elucidated by § 12-426-1 (c) of the Regulations of Connecticut State Agencies.[3] The defendant cites cases from Kentucky and an article from American Jurisprudence to define the term "good faith," as used in the statute and the regulation. These sources define the good faith requirement as prohibiting "blind acceptance" of resale certificates and requiring "inquiries or ascertainments of facts" to show that the property offered for sale is normally offered for resale in the type of business operated by the purchaser.[4] 68 Am. Jur. 2d, Sales and Use Tax § 255 (1993). The defendant claims that the plaintiff did not meet these requirements.

The trial court held that the determination of good faith is a common sense process that requires the court to ask what reasonable inferences can be drawn from the facts known to the seller. If these inferences reasonably lead to the conclusion that the property being purchased will probably not be resold, the sale is not a sale for resale no matter how many resale certificates have been signed. If these inferences lead to the conclusion that the property probably will be resold, the good faith requirement has been met. Furthermore, the trial

[3] Section 12-426-1 (c) of the Regulations of Connecticut State Agencies provides: "The good faith of the seller will be questioned if he has knowledge of facts which give rise to a reasonable inference that the purchaser does not intend to resell the property, as, for example, knowledge that a purchaser of particular merchandise is not engaged in the business of selling that kind of merchandise."

[4] See *Dept. of Revenue* v. *Warren Chemical & Janitor Supply Co.*, 562 S.W.2d 644, 646 (Ky. 1978); *Pace Membership Warehouse, Inc.* v. *Revenue Cabinet, Commonwealth of Kentucky*, 808 S.W.2d 353, 355 (Ky. App. 1991).

court held that if the facts available to the seller at the time of sale reasonably indicate that the purchaser is unable to ascertain at the time of purchase whether the property will be sold or used for some other purpose, the seller may accept a resale certificate in good faith.

Where a purchaser takes a resale certificate upon the sale of a product, part of which may be sold at retail and part of which may be used in the process, the trial court interpreted the good faith component of the statute to require the seller to use its knowledge of the business to determine how the product will be used. The trial court further held that when a seller takes a resale certificate from a purchaser who is unable to ascertain at the time of purchase whether the property will be sold or used for some other purpose, the statute requires an examination into whether the product is divisible or indivisible to determine good faith acceptance of the resale certificate.[5] If the product is not divisible, it will either be sold at retail and a sales tax will be collected or it will be used in the process and the purchaser will pay a sales tax pursuant to § 12-410 (4) (a).[6] If the property is divisible so that part may be used in the process and part sold at retail, the trial court held that the appropriate way to analyze the purchase is by use of the primary purpose test: "It is the primary purpose for which the personal property was purchased and put to use that controls the determination of the property's taxability." *American Totalisator Co.* v. *Dubno*, 210 Conn. 401, 409, 555 A.2d 414 (1989). In addition, the trial court noted that statutes creating tax

---

[5] The trial court found that this situation wherein the purchaser certifies that it does not know how it will use the product occurs because many commercial printers engage in trade shop work. In this type of work, the purchaser sells the product to other commercial printers. The court noted that "[m]any commercial printers, when they buy [the plaintiff's] products, do not know whether they will use those products for trade shop work or commercial printing."

[6] See footnote 2.

exemptions must be strictly construed against the party claiming the exemption and, as such, the resale certificate is valid only if the property sold was clearly for resale rather than use by the purchaser.[7]

Applying its interpretation of § 12-410, the trial court concluded that the plaintiff failed to demonstrate good faith in accepting most of the certificates. It found that the plaintiff should have discerned from its knowledge of the business that the products would not be resold. It further found that the primary purpose for the use of many of the divisible products was other than for resale. The trial court also noted that although a percentage of some of the products were actually resold, the amount was de minimis and, therefore, did not constitute a sale for resale. We disagree with the trial court's interpretation of § 12-410.

Except for the good faith requirement, the statutory scheme that flows from the wording of § 12-410 is very clear. The seller of personalty must pay a tax on the gross receipts derived from the sale of that personalty unless the seller can prove that it was a sale for resale. If that can be proved, the seller is not liable for the payment of the tax. The statutorily approved method of proving that the property was purchased for resale is for the seller to take a certificate from the purchaser

[7] "Statutes which exempt from taxation are to be strictly construed against the party claiming an exemption." *Connecticut Theater Foundation, Inc.* v. *Brown*, 179 Conn. 672, 677, 427 A.2d 863 (1980). The plaintiff taxpayer claims that § 12-410 is a tax imposition statute and, therefore, should be construed in its favor. The defendant contends that § 12-410 is an exemption statute and as a result should be strictly construed in its favor. The trial court held, without elaboration, that § 12-410 provides for an exemption and must, therefore, be strictly construed against the party claiming an exemption, in this case, the plaintiff.

We find that although § 12-410 is an exemption statute; see *White Oak* v. *Dept. of Revenue Services*, 198 Conn. 413, 421, 503 A.2d 582 (1986); the statutory scheme relieves the plaintiff from proving that its sale of personalty is for resale if it takes a certificate from the purchaser in good faith.

so stating. The certificate must be accepted in good faith from a person who is engaged in the business of selling tangible personal property, holds the proper permit and intends to sell it in the regular course of business. Accepting a certificate in good faith that declares that the buyer is unable to ascertain at the time of purchase whether the property will be sold or used for some other purpose is also a statutorily approved method of relieving the seller from the burden of proof. The term good faith as used in § 12-410 has not been defined in our statutes or in our case law.[8]

In the present case, the trial court held that good faith exists if the plaintiff can demonstrate that the property sold is for resale or that, if the product is divisible, the primary purpose of the product is for resale.[9] We find that under § 12-410, good faith acceptance of a resale certificate is more broadly defined. Unless the seller has "knowledge of facts which give rise to a reasonable inference that the purchaser does not intend to resell the property," the certificate has been accepted in good faith and is valid. Regs., Conn. State Agencies § 12-426-1.

We further conclude that the trial court improperly placed the tax liability on the taxpayer-seller in the

[8] We note that § 12-410 (2) was amended in 1995 to provide in pertinent part: "A certificate . . . shall be deemed to be taken in good faith if the . . . property purchased is similar to or of the same general character as property which the seller could reasonably assume would be sold by the purchaser in the regular course of business."

[9] The case cited by the defendant, *White Oak Corp.* v. *Dept. of Revenue Services*, 198 Conn. 413, 421, 503 A.2d 582 (1986), claiming to support the proposition that the resale exemption may be used only if the property sold was clearly for resale is distinguishable because it did not involve resale certificates. In *White Oak Corp.*, the issue before the court was whether White Oak Corporation should be assessed a use tax on the property and services sold to the department of transportation because White Oak Corporation "used" them to fulfill its contracts. The court determined that White Oak Corporation was liable for the tax. White Oak Corporation did not, however, possess a resale certificate, as the plaintiff does in this case.

situation where the purchaser, after giving a certificate, uses the property for a purpose other than resale. In such cases, the statute provides that the purchaser bears the tax liability.[10] See General Statutes (Rev. to 1989) § 12-410 (4). The statute applies in the same manner where the purchaser certifies that it is unable to ascertain whether the property will be sold or used for some other purpose. In both situations, the purchaser who gives a certificate to the seller will either pay the tax as a use tax or collect the tax as a sales tax. The tax, therefore, will not be evaded.

Here, the purchasers are all in the business of selling tangible property and hold the proper permit. They have issued certificates to the plaintiff stating that they intend to sell the property purchased. Section 12-410 requires the plaintiff to demonstrate only that it reasonably believed that the purchasers intended to resell the property in order to show good faith. The trial court improperly placed the further burden on the plaintiff to ascertain the intention of the purchaser when the purchaser itself certified that it did not know how it would use the product. It also improperly required the plaintiff to evaluate whether the property sold was divisible or indivisible and to determine its primary purpose. We conclude that the statute does not require the plaintiff to make such further inquiries to comply with the good faith requirement.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[10] We note that the state approved resale certificate form given by the purchaser to the seller contains the following statement: "I further certify that if any property so purchased tax free is used or consumed by the firm as to make it subject to a sales or use tax we will pay the tax due direct to the proper taxing authority when state law so provides or inform the seller for added tax billing."